UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD G. MAYES,

    Plaintiff,

McGINNIS, INC. and SIGNAL MUTUAL
INDEMNITY ASSOCIATION LTD.,

    Involuntary Plaintiffs,

  v.                                                Case No. 19-C-188

SELVICK MARINE TOWING CORP.,
*M/V DONNY S.*, XL SPECIALTY INSURANCE COMPANY,
and NAVIGATORS INSURANCE COMPANY,

    Defendants.

**DECISION AND ORDER**

    Plaintiff Ronald G. Mayes filed this action against Defendants Selvick Marine Towing Corp., *M/V Donny S.* (the Vessel), XL Speciality Insurance Company, and Navigators Insurance Company in Door County Circuit Court, alleging claims under 33 U.S.C. § 901, *et seq.*, the Longshore and Harbor Workers' Compensation Act (the Longshore Act); and 46 U.S.C. § 30104, the Jones Act. Plaintiff also brings claims for common law negligence; unseaworthiness; and maintenance, cure and unearned wages. Defendant Selvick removed the case to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, and admiralty jurisdiction, 28 U.S.C. § 1333. Presently before the court is Defendants *M/V Donny S.* and Selvick Marine Towing Corp.'s motion for partial dismissal of Plaintiff's amended complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). Defendants Navigators Insurance Company and XL Specialty Insurance Company joined the motion to dismiss on July 2, 2019.

Defendants move to dismiss Plaintiff's claim under the Jones Act and claims for unseaworthiness as well as for maintenance, cure, and unearned wages (Counts 3, 4, and 5), arguing that these causes of action are traditional remedies for seamen and that the amended complaint does not contain sufficient factual allegations to establish that Plaintiff could have been a seaman. Defendants also move to dismiss Plaintiff's claim for common law negligence (Count 2) because it is duplicative of Plaintiff's claim under the Longshore Act. Plaintiff contends that his status as a seaman is a fact-intensive inquiry that should not be determined by the court at this stage and that his common law negligence claim may be plead in the alternative to the Longshore Act claim. For the reasons that follow, the motion to dismiss will be partially granted.

## LEGAL STANDARD

In considering a motion to dismiss, the court construes all allegations in the complaint in the light most favorable to the plaintiff, accepts all well-pleaded facts as true, and draws all inferences in favor of the non-moving party. *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state

2

a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[T]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT

On or about November 5, 2016, Plaintiff was employed by McGinnis, Inc., a company that focuses on the repair of barges and towboats. As a consequence of his employment with McGinnis, Plaintiff was sent to perform repair work on the starboard engine of the *M/V Donny S.*, a vessel owned by Defendant Selvick. Plaintiff alleges that Selvick provided him with some of the necessary tools required to perform the repair, that Selvick ordered the necessary parts, and that Selvick provided him with direction as to the manner of how the work was to be performed. Plaintiff also alleges that Selvick, prior to the repairs performed by Plaintiff, conducted or oversaw the replacement and repair of oil pipes on the ship's starboard engine, and that those repairs were performed incorrectly.

After Plaintiff completed the repairs on the starboard engine of the *M/V Donny S.*, the engine was started and a pressurized oil pipe burst, causing debris and oil to strike Plaintiff in the eye. As a result, Plaintiff suffered permanent damage to his eye, including a torn iris, which necessitated the implant of an artificial iris into that eye. Plaintiff alleges that the damage to his eye may require

3

further surgical correction in the future, and that he has sustained significant damages as a result of the injury, including medical expenses, wage loss, disability, pain and suffering, and diminution in earning capacity.

**ANALYSIS**

**A. Claims related to Plaintiff's status as a seaman (Counts 3, 4, and 5)**

Plaintiff asserts claims under both the Longshore Act and the Jones Act. The Longshore Act provides remedies for a "longshoreman" or a "harbor worker" who is injured while on the job, while the Jones Act provides remedies for a "seaman." Defendants assert that Plaintiff has failed to state claims under the Jones Act and claims that arise out of Plaintiff's alleged status as a seaman because the amended complaint does not contain any facts that would allow a trier of fact to reasonably infer that he is a seaman as that term has been applied to the Jones Act. To qualify as a seaman under the Jones Act, "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission'" and that the employee "must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995); *see also Harbor Tug & Barge Co. v. Papai*, 520 U.S. 548, 554 (1997).

The distinction between a seaman and a longshoreman or a harbor worker is an important one. Seamen, who are continuously exposed to the "perils of the sea," are provided with heightened legal protection under the Jones Act that is not afforded to their land-based counterparts. *Howard v. S. Ill. Riverboat Casino Cruises, Inc.*, 364 F.3d 854, 856 (7th Cir. 2004) (quoting *Chandris*, 515 U.S. at 368); *see also McDermott Int'l Inc. v. Wilander*, 498 U.S. 337, 354 (1991) ("Traditional seamen's remedies . . . have been 'universally recognized as . . . growing out of the status of the

4

seaman and his peculiar relationship to the vessel, and as a feature of the maritime law compensating or offsetting the special hazards and disadvantages to which they who go down to sea in ships are subjected.'" (quoting *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 104 (1946) (Stone, C.J., dissenting))). The "seaman" test articulated by the Supreme Court in *Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995), is designed to "separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea." *Id.* at 368.

In this case, Plaintiff alleges that he *was* a longshoreman under the Longshore Act and that he *may have been* a seaman under the Jones Act. Setting aside the issue that, if one is a longshoreman, one cannot also be a seaman, *see Wilander*, 498 U.S. at 353, Plaintiff's amended complaint does not plausibly suggest that he is a seaman as that term is applied in the Jones Act. The amended complaint does not contain allegations that allow the court to reasonably infer that he is a Jones Act seaman, other than Plaintiff's assertion that he "may have been a 'seaman' and have claims and causes of action under the Jones Act." Am. Compl. ¶ 34, Dkt. No. 30. Plaintiff provides no factual support for that claim, however, and his pleadings contain nothing that allows the court to reasonably infer that he is a Jones Act seaman. Plaintiff alleges that, on November 5, 2016, he was employed by McGinnis, a company engaged in barge/towboat repair services, to perform repair work on the Vessel's engines. *Id.* ¶ 12. While he was performing work on the starboard engine of the Vessel, Selvick provided direction to Plaintiff and other McGinnis employees as to work it wanted performed and when it wanted the work performed. Selvick also ordered necessary parts and supplied some of the tools necessary for performing the work. *Id.* ¶ 13.

5

Plaintiff further asserts that he suffered substantial injuries while working on the Vessel. The court cannot infer from these allegations that Plaintiff is a seaman.

Although Plaintiff's duties may have contributed to the function of the *M/V Donny S.*, Plaintiff does not allege a status as to the Vessel in navigation, nor does he provide any facts to suggest that he had a substantial connection to the Vessel in terms of duration and nature. Plaintiff contends that he has not conducted discovery to establish the exact percentage of time he spent on board vessels and that the fact that he was employed by a ship repair company raises a reasonable inference that he spent more than 30% of his time working aboard vessels and faced the perils of the sea as a result. But even without discovery, Plaintiff is in the best position to know what jobs he performed and where those jobs are located and the amended complaint does not contain any allegations with respect to the amount of time he spent aboard vessels in general, the duration of time he spent on the *M/V Donny S.*, and the nature and extent of his relationship with Selvick and his repair work on the Vessel. Plaintiff has not alleged a minimum inference of seaman status, and the amended complaint does not contain sufficient factual matter to support a conclusion that he is a seaman.

Based on the foregoing, the court concludes that the amended complaint does not state a claim upon which relief may be granted with respect to Plaintiff's status as a seaman. Therefore, Plaintiff has failed to state a claim under the Jones Act, and he may not assert causes of action for unseaworthiness or for maintenance and cure, as those are only remedies available to seamen. Accordingly, Counts 3, 4, and 5 of Plaintiff's amended complaint are dismissed.

**B. Negligence claim (Count 2)**

Defendants also assert that Plaintiff's claim for common law negligence should be dismissed because it is duplicative of the claim under the Longshore Act, which provides the exclusive remedy for longshoremen or harbor workers injured in the course of their employment. Plaintiff counters that courts have allowed plaintiffs to plead negligence claims in the alternative to Longshore Act claims when it is unclear whether the Longshore Act exclusively applies. *See Holder v. Fraser Shipyards, Inc.*, 288 F. Supp. 3d 911, 934 (W.D. Wis. 2018) ("'If a maritime worker recovers against a vessel under § 905(b), then he may not also sue the vessel in tort,' but if he cannot recover from the vessel's owner for failure to state a claim under § 905(b), that provision 'does not preempt [his] state-law claim against [the vessel's owner] as a third-party tortfeasor.'" (quoting *McLaurin v. Noble Drilling (US) Inc.*, 529 F.3d 285, 293 (5th Cir. 2008)). In this case, Plaintiff's status as a longshoreman has not been established. As a result, Plaintiff may plead common law negligence in the alternative to his Longshore Act claim.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 44) is **GRANTED IN-PART** and **DENIED IN-PART**. Counts 3, 4, and 5 are dismissed for failure to state a claim.

**SO ORDERED** this   30th   day of July, 2019.

                                                s/ William C. Griesbach
                                                William C. Griesbach, Chief Judge
                                                United States District Court